No. 05-623

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 330N

IN THE MATTER OF THE ADOPTION
OF N.K.L., A MINOR.

APPEAL FROM:     The District Court of the Twelfth Judicial District,
                 In and For the County of Hill, Cause No. DA 2003-027,
                 Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chris R. Young, Attorney at Law, A Professional Corporation,
                Havre, Montana

        For Respondents:

                Brian Lilletvedt, Bosch, Kuhr, Dugdale, Martin & Kaze, PLLP,
                Havre, Montana

                                        Submitted on Briefs:  September 20, 2006

                                                Decided:  December 12, 2006

Filed:

        _____
                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is an appeal by K.B.L., the grandfather of N.K.L., from the District Court's Findings of Fact, Conclusions of Law and Decree Appointing Guardian entered on July 14, 2005. In this decision, the District Court appointed K.D., K.B.L's ex-wife and the grandmother of N.K.L., as guardian of N.K.L. to serve during his minority with all parental powers granted by the laws of the State of Montana.

¶3 K.B.L. and K.D. were the natural parents of A.K.L. A.K.L. gave birth to a child, N.K.L. The natural father of N.K.L. has never been disclosed and there are no records of any paternity of N.K.L. A.K.L. died and K.B.L. and K.D. filed competing petitions for adoption with respect to N.K.L. K.B.L. and K.D. had gone through an acrimonious divorce and K.D. remarried. Her new husband is G.D.

¶4 Ultimately the parties withdrew their competing petitions for adoption and the parties agreed that either a guardianship or shared custody should be ordered.

¶5 As noted, the court appointed K.D. as the guardian of N.K.L. to serve during his minority with all parental powers granted by the State of Montana subject to certain custodial transfers to K.B.L. as set out in the court's Order dated July 14, 2005. The

2

District Court entered extensive findings of fact and conclusions of law following evidentiary hearings on November 25, 2003, and February 19, 2004.

¶6     Having reviewed the record in this case, we have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the court's findings of fact are supported by substantial evidence; the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted; there was no abuse of discretion by the District Court; and the record supports the District Court's decision in this cause.

¶1     Accordingly, we affirm the District Court's Findings of Fact, Conclusions of Law and Decree Appointing Guardian in which it appoints K.D. guardian of N.K.L.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS